UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAMELA HINZ, | Case No.: 10-CV-03633-LHK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR DE NOVO STANDARD OF REVIEW; ADOPTING HEIGHTENED ABUSE OF DISCRETION REVIEW |
| v. | |
| HEWLETT PACKARD COMPANY DISABILITY PLAN, | |
| Defendant. | (re: docket #25) |

Presently before the Court is Plaintiff Pamela Hinz's motion for summary adjudication of the standard of review. *See* Dkt. #25. Plaintiff seeks a de novo standard of review because Defendant Hewlett-Packard Company Disability Plan (Defendant or "the Plan") has yet to issue a decision on appeal in connection with the termination of Plaintiff's long-term disability benefits. Defendant has filed an opposition, arguing for an abuse of discretion standard of review. The Court finds this matter appropriate for resolution without oral argument, and vacates the March 31, 2011 motion hearing. *See* Civ. L.R. 7-1(b). The March 31, 2011 Case Management Conference remains as set. For the reasons set for below, the Court DENIES Plaintiff's motion for a de novo standard of review, and instead finds a heightened abuse of discretion review appropriate.

**I. BACKGROUND**

Plaintiff filed suit on August 17, 2010 under the Employment Retirement Income Security Act of 1974, 29 U.SC. §1001 *et seq*. ("ERISA"). *See* Compl. Plaintiff became an employee of the

1

Case No.: 10-CV-03633-LHK
ORDER REGARDING STANDARD OF REVIEW

1   Hewlett-Packard Company in August 1982, and is a beneficiary of the Plan. *Id*. at ¶¶ 7-8. Plaintiff
2   alleges that she became disabled on or about May 1, 2005, with injuries to her hands, wrist, and
3   cervical spine due to long hours sitting and working on a keyboard. *Id*. at ¶¶ 10-12. Plaintiff
4   received short-term disability benefits from May 1, 2005 through October 30, 2005. *Id*. at ¶ 13.

5   Plaintiff's claim for long-term disability benefits under the Plan was approved on December
6   23, 2005. *Id*. From December 23, 2005 through August 15, 2009, Sedgwick CMS ("Sedgwick"),
7   the Plan's claims administrator, periodically reviewed and approved Plaintiff's claim for long-term
8   disability benefits. *Id*. at ¶ 14. The Plan provides Sedgwick with discretionary authority to decide
9   any appeal of denial of benefits. Under the Plan, after receipt of the request for an appeal,
10  Sedgwick has 45 days to act upon that request, with a potential additional 45 day extension if
11  necessary. Section 8(c) of the Plan. In amendment to the Plan effective April 1, 2006 entitled
12  "Limitations on Actions," no suit or legal action may be filed more than one year after the earlier
13  of: i) the date of the final decision on review; or ii) the date a final decision on review "should have
14  been issued." Section 9(f) of the Plan.

15  By a letter dated August 20, 2009, Sedgwick advised Plaintiff that her claim for long-term
16  disability benefits was denied as of August 16, 2009 because Plaintiff's medical documents failed
17  to validate her inability to engage in full-time regular work. *Id*. at ¶ 15. Defendant based this
18  initial denial on the report of Dr. Robert Y. Pick. After reviewing Plaintiff's administrative file,
19  but *not* examining Plaintiff herself, Dr. Pick concluded that Plaintiff's "multiple diagnoses are not
20  supported by objective medical information." The August 20, 2009 letter also notified Plaintiff
21  that if she did not receive notice of Sedgwick's decision by the end of the 90-day period, "the
22  appeal can be considered denied." Plaintiff appealed the denial on January 20, 2010, and Sedgwick
23  acknowledged receipt of the appeal in a letter dated to Plaintiff on February 9, 2010. *Id*. at ¶¶ 15-
24  18. In that appeal, Plaintiff submitted additional medical information and documents in support of
25  her claim. *Id*.

26  To date, Defendant has not responded to Plaintiff's appeal.

2

Case No.: 10-CV-03633-LHK
ORDER REGARDING STANDARD OF REVIEW

## II. LEGAL STANDARDS

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment as to "all or any part" of a claim "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(b), (c). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *See id.* "[A]ll justifiable inferences must be drawn in [the nonmovant's] favor." *See United Steelworkers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citing *Liberty Lobby*, 477 U.S. at 255).

The moving party bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it contends demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *see also Liberty Lobby,* 477 U.S. at 250. The opposing party need not show the issue will be resolved conclusively in its favor. *See Liberty Lobby,* 477 U.S. at 248-49. All that is necessary is submission of sufficient evidence to create a material factual dispute, thereby requiring a jury or judge to resolve the parties' differing versions at trial. *See id.*

## III. DISCUSSION

Plaintiff moves for summary adjudication of the standard of review, arguing that Defendant's failure to decide her appeal requires the Court to conduct a de novo review of Defendant's termination of her disability benefits. Defendant argues that, despite the failure to rule on Plaintiff's appeal, an abuse of discretion standard of review is appropriate.

3

Case No.: 10-CV-03633-LHK
ORDER REGARDING STANDARD OF REVIEW

**A. Standard of Review in ERISA Cases**

The default standard of review applicable to a plan administrator's decision to deny benefits is de novo. *See Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989); *see also Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 963 (9th Cir. 2006) (en banc). However, if the plan unambiguously gives the plan administrator discretion to determine a plan participant's eligibility for benefits, then the standard of review shifts to abuse of discretion. *Abatie*, 458 F.3d at 963. Here, there is no dispute that the Plan confers discretionary authority to "determine eligibility for Plan participation and entitlement to Plan benefits in accordance with the terms of the Plan." The Plan also provides discretionary authority on the claims administrator (e.g., Sedgwick) to determine entitlement to Plan benefits, including initial claims and appeals. *See* Section 9(a) of the Plan. With such discretion unambiguously granted, it would appear that Defendant's decision to terminate Plaintiff's long-term disability benefits should be reviewed for abuse of discretion.

The Ninth Circuit in *Abatie*, however, also held that "procedural irregularities" should be taken into consideration when deciding upon the standard of review, and that the benefits denial "should be reviewed de novo if 'an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan as well.'" *See Abatie*, 458 F.3d at 971. The court cautioned, however, that such de novo review is only appropriate in a "rare class of cases," and "a procedural irregularity in processing an ERISA claim does not usually justify de novo review." *Id.* at 972. Finally, the *Abatie* court noted that, even if the review is for abuse of discretion, "[a] procedural irregularity, like a conflict of interest, is a matter to be weighed in deciding whether an administrator's decision was an abuse of discretion." *Id.*

Since the Ninth Circuit's en banc decision in *Abatie*, the Supreme Court has refined the standard of review analysis in ERISA cases clarifying that "the conflict of interest must be 'weighed as a factor' but does not convert abuse of discretion review into de novo review. The weight given the factor varies." *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112-14 (2008); *see also Conkright v. Frommert*, 130 S. Ct. 1640, 1646 (2010) (confirming that, under *Glenn*, "when the terms of a plan grant discretionary authority to the plan administrator, a deferential

standard of review remains appropriate even in the face of a conflict"). In response to the Supreme Court's opinion in *Glenn*, the Ninth Circuit has recently issued its own clarification. *See Salomaa v. Honda Long Term Disability Plan*, 2011 U.S. App. LEXIS 4386 (9th Cir. Mar. 7, 2011). In *Salomaa*, the Ninth Circuit explained the meaning of "abuse of discretion" as whether the court is "left with a definite and firm conviction that a mistake has been committed." *Id*. at *24-25. In addition, the Ninth Circuit stated that "deference to the plan administrator's judgment does not mean that the plan prevails." *Id*.

### B. The Appropriate Standard of Review in Plaintiff's Case

In the instant action, Defendant's unexplained failure to issue a decision on Plaintiff's appeal is a serious procedural irregularity. That failure, however, is not so flagrant or severe as to create a "substantive harm" to Plaintiff such that de novo review is appropriate. *See Abatie*, 458 F.3d at 971 ("procedural violations of ERISA do not alter the standard of review [from abuse of discretion review to de novo review] unless the violations are so flagrant as to alter the substantive relationship between the employer and employee, thereby causing the beneficiary substantive harm") (citing *Gatti v. Reliance Std. Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir. 2005). Even though there has been no decision on appeal, Defendant did exercise its discretion in denying Plaintiff's original claim.

Aside from *Abatie*, Plaintiff also relies on the Ninth Circuit case of *Jebian v. Hewlett-Packard Co. Emple. Benefits Org. Income Prot. Plan*, 349 F.3d 1098 (9th Cir. 2003). In *Jebian,* the plan at issue provided that if the administrator did not respond to the claimant's appeal within sixty days, the claim would be "deemed denied" on review. *Id.* at 1102. The applicable regulation at the time, 29 C.F.R. § 2560.503-1(h) (1998), also stated that if the appeal was not decided within sixty days, the appeal was "deemed denied." *Id.* at 1103. The Ninth Circuit held that "where, according to plan and regulatory language, a claim is 'deemed . . . denied' on review after the expiration of a given time period, there is no opportunity for the exercise of discretion and the denial is usually to be reviewed de novo." *Id*.

Plaintiff acknowledges that the Plan does not include the "deemed denied" language included in the *Jebian* plan. *See* Pl.'s Mot. for Summary Adjud. at 8. However, Plaintiff argues

5

that her case is "functionally identical" to *Jebian* because: (1) the Plan's one-year limitation period for bringing suit runs from the end of the 90-day time period for making a decision on the request for an appeal; and (2) the August 20, 2009 denial letter states that Plaintiff's appeal can be considered denied if she does not receive notice of a decision by the 90-day period.

*Jebian*, however, is not directly on point, as Plaintiff's claim is distinguishable from *Jebian* in two crucial respects. First, unlike in *Jebian*, the Plan itself does not contain a "deemed denied" provision, a fact critical to the Ninth Circuit's reasoning and outcome. *See Jebian*, 349 F.3d at 1106. The Plan, which is the operative document defining the scope of Sedgwick's discretion, does not contain the "deemed denied" or "considered denied" language. Second, the regulation at issue in *Jebian*, 29 C.F.R. § 2560.503-1(h), was amended to delete the "deemed denied" language. Now, in the event a plan does not yield a decision within the relevant time limits, the regulation provides that "a claimant shall be deemed to have *exhausted the administrative remedies* available under the plan." *See* 29 C.F.R. § 2560.503-1(l) (emphasis added); *see also Tabatabai v. Hewlett-Packard Co. Disability Plan*, 2006 U.S. Dist. LEXIS 66110, *10 (N.D. Cal. Sept. 1, 2006) ("The plan here contains no provision deeming claims denied. *Jebian* does not apply to this situation.").

Most importantly, the Ninth Circuit has directly narrowed *Jebian* to circumstances in which the *Plan itself* contained the "deemed denied" language. *See Gatti*, 415 F.3d at 982 ("The *Jebian* opinion discusses the time limits established by the plan and those imposed by regulation in tandem, but the court's ultimate holding was based *solely on the time limitation language in the plan* . . . We conclude that *Jebian* does not control the issue presented here, and hold that violations of the time limits established in 29 C.F.R. § 2560.503-1(h) are insufficient to alter the standard of review") (emphasis added). The Ninth Circuit reasoned that, when the "deemed denied" language is not included in the plan, an exhaustion "mechanism is necessary to allow claimants access to the courts in the event that their plan never makes a decision." *Id*. at 983. In light of *Gatti*, the limitations period and August 20, 2009 letter provide Plaintiff a mechanism to bring suit in court, but do not change the standard of review in connection with Plaintiff's appeal.

Thus, the weight of authority points toward application of an abuse of discretion standard. This is not a toothless form of review. Under Ninth Circuit guidance, "deference to the plan

administrator's judgment does not mean that the plan prevails." *See Salomaa*, 2011 U.S. App. LEXIS 4386, *24.  Moreover, because of the procedural irregularities involved, the Court will review the denial of Plaintiff's claim with a heightened degree of skepticism and will consider additional evidence submitted with Plaintiff's notice of appeal to Defendant.  *See, e.g.*, *Cushman v. Motor Car Dealers Servs.,* 652 F. Supp. 2d 1122, 1131 (C.D. Cal. 2009) (in a similar ERISA case involving a claims administrator's failure to make a decision on appeal, applying an abuse of discretion standard "tempered with a large amount of skepticism" and considering additional evidence submitted with the appeal of the denial of the claim).

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion for summary adjudication of a de novo standard of review is DENIED.  The Court will review Plaintiff's claim under an abuse of discretion standard.  Because of Defendant's actions and the serious procedural irregularity involved, however, the Court will review Defendant's decision to terminate Plaintiff's long-term disability benefits with a greater degree of skepticism and will consider additional evidence Plaintiff submitted to Defendant in connection with her notice of appeal.  The March 31, 2011 motion hearing is vacated.  The March 31, 2011 Case Management Conference, however, remains as set.

**IT IS SO ORDERED.**

Dated: March 30, 2011

_____
LUCY H. KOH
United States District Judge

7
Case No.: 10-CV-03633-LHK
ORDER REGARDING STANDARD OF REVIEW